IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


MARY AKU QUARTEY                         *
                Plaintiff,
         v.                                *   CIVIL ACTION NO. PJM-15-567

BARACK OBAMA                             *
MICHELE OBAMA
             Defendants.                  *
                           *****

## MEMORANDUM OPINION

On February 27, 2014, Mary Aku Quartey ("Quartey"), a self-represented plaintiff who resides at a shelter in the District of Columbia, filed this action against President Barack Obama and First Lady Michele Obama.  She claims that she is a "world predictor," inventor, and Presidential candidate and the Obamas have claimed ownership of her total assets and properties including, but not limited to, her body parts, personal documents, biological children, real property, and capital wealth in the "trillions."  ECF No. 1.  She further alleges that Barack and Michelle Obama instructed the Secret Service to use her medical reports to correct medical records in prison clinics throughout the Northeastern, Mid-Atlantic and Southern United States. She asks that Defendants be ordered to restore the aforementioned properties to her and to correct false information they filed in the Circuit Court for Baltimore City.  *Id.*  After reviewing Quartey's indigency Motion and Complaint, the Court will grant her Motion to Proceed In Forma Pauperis and summarily dismiss the Complaint.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Indeed, this Court must conduct

a preliminarily review of Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).  *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2) (B)(ii).

The Complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a self-represented Complaint, the Plaintiff's

allegations are assumed to be true.  *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation  v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Quartey, a frequent litigant in this Court,[1] has presented claims that are wholly incredible and nonsensical.  Even when giving a generous review to the self-presented Complaint, it is appropriate to dismiss Quartey's action under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim.   A separate Order follows.


_____
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 4, 2015

_____

[1]        Since December of 2009, Quartey has filed over thirty-one civil actions in this Court.